**5**

LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com
Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TEMBLOR PETROLEUM COMPANY, LLC.<br><br>Debtor-in-Possession. | Case No. 20-11367-A-11<br><br>Chapter 11<br><br>DC No. LKW-4<br><br>Date: July 12, 2020<br>Time: 10:30 a.m.<br>Place: United States Courthouse<br>510-19th Street<br>Bakersfield, CA<br>Judge: Honorable Fredrick E. Clement |

## DEBTOR-IN-POSSESSION'S CHAPTER 11 STATUS CONFERENCE STATEMENT

TO THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, AND PARTIES REQUESTING SPECIAL NOTICE:

TEMBLOR PETROLEUM COMPANY, LLC ("Debtor") submits the following Chapter 11 Status Conference Statement:

**A.  BACKGROUND**

1.  Debtor filed a Voluntary Petition Under Chapter 11 of the Bankruptcy Code on April 9, 2020. Debtor is a Limited Liability Company doing business in the State of California. Debtor's principal place of business is located in Bakersfield, California. Debtor began its business in May 1996. Debtor has over one hundred (100) members and Debtor's Managing Member is Philip Bell. Debtor's business generated gross income of $2,260,980.00 in 2018 and $1,396,240.00 in 2019.

B. **EVENTS LEADING TO FILING CHAPTER 11 CASE**

2. Debtor is an oil and gas exploration and production company. Debtor has working interests in two producing fields - to wit: (a) the Witter Field and (b) the Lynch Canyon Field. Debtor made a discovery at the Witter Field in 2015 where Debtor is the operator and has a forty-nine percent (49%) working interest. Over the past three years, Debtor and its partners have permitted and built a full production facility, a gas pipeline and processing plant, and drilled four wells at the Witter Field. Toward the end of this process, a twenty-five percent (25%) working interest partner withdrew from the project and an anticipated capital infusion did not occur. Additionally, the initial production at the Witter Field was less than projected which led to loses during the startup period. This lack of cash flow and capital made it impossible for Debtor to pay all of its debt owed to vendors and other creditors.

Debtor attempted to sell its interest in the Lynch Canyon Field in 2019 in order to resolve its debtor-creditor problems and Debtor received an offer to purchase the interest for about $4 million. However, the sale fell through when oil prices crashed in early 2020 and the buyer could not obtain financing. Debtor decided to file its Chapter 11 case after determining that it could not resolve its debtor-creditor problems without the relief provided in the bankruptcy law.

C. **DEBTOR'S ASSETS AND LIABILITIES**

3. Debtor's Schedules of Assets and Liabilities filed in its Chapter 11 case indicate that Debtor has assets valued at $12,688,376.15 and liabilities totaling $12,354,043.30 including secured claims of $2,352,219.0, priority claims of $5,373.56, and unsecured non-priority claims of $9,996,450.69. Debtor's unsecured non-priority claims include insider claims of $3,132,368.73 and a disputed claim of $2,918,274.73 held by California Energy Exchange Corporation.

## D. PRESENT STATUS

4. Debtor has remained in possession of its property and managed its affairs as a debtor-in-possession since it filed for relief under Chapter 11.

## E. INTENT WITH RESPECT TO PLAN OF REORGANIZATION

5. Debtor intends to file a Plan of Reorganization under which all allowed claims will be paid in full over time. Debtor hopes to file its Plan of Reorganization within the first one hundred and eighty (180) days of its case. Debtor's Plan of Reorganization will provide for the sale of some of Debtor's assets in order to satisfy creditor claims.

## F. OTHER MATTERS PURSUANT TO COURT ORDER RE CHAPTER 11 STATUS CONFERENCE

6. **Motions for Relief from Automatic Stay:** There are no Motions for Relief from Automatic Stay filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

7. **Employment of Professionals:** Debtor has filed an Application for Order Authorizing Employment of General Counsel per 11 USC Section 327(a) ("the Application") concerning its employment of the Law Offices of Leonard K. Welsh. The Bankruptcy Court approved the Application and an Order Authorizing Employment of General Counsel was entered on May 1, 2020.

Debtor has consulted with an oil and gas sales professional about the professional assisting Debtor in the sale of some of its assets in the Chapter 11 case. The sales professional has informed Debtor that it has potential buyers who are interested in purchasing some of Debtor's assets. Debtor will seek authorization from the Bankruptcy Court to employ the sales professional if Debtor decides that such employment is in the best interest of the Chapter 11 estate.

8. **Appointment of Committee of Unsecured Creditors:** The United States Trustee has not appointed a Committee of Unsecured Creditors in Debtor's case.

9. **Motions for Use of Cash Collateral:** There are no Motions for Use of Cash Collateral filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

10. **Adequate Protection Payments:** Debtor has not made adequate protection payments to secured creditors in the Chapter 11 case.

11. **Motions for Order Authorizing Assumption of Unexpired Real Property Leases:** There are no Motions for Order Authorizing Assumption of Unexpired Real Property Leases filed or pending in Debtor's case. Debtor has one unexpired real property lease that needs to be assumed or rejected in its Chapter 11 case. That lease is the lease of an office located at 5201 California Avenue, Suite 340, Bakersfield, California. Debtor will decide within the first one hundred twenty (120) days of its Chapter 11 case if it will assume or reject the lease as required by the law. See 11 USC Section 365(d)(4)(A).

12. **Motion to Dismiss or Convert Chapter 11 Case or Motion to Appoint Chapter 11 Trustee:** There are no Motions to Dismiss or Convert Chapter 11 Case or Motion to Appoint Chapter 11 Trustee filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

13. **Administrative Matters:** Debtor participated in the Initial Debtor's Interview and Meeting of Creditors conducted by the United States Trustee on May 11 and May 18, 2020. Debtor filed its Monthly Operating Report for April 2020 on May 20, 2020. Debtor will file Monthly Operating Reports and pay the Quarterly Fees owed to the United States Trustee required by the law during the administration of its case. Debtor has opened Debtor-in-

Possession bank accounts and has provided Proof of Insurance to the United States Trustee as required by the law.

14. **Postpetition Financing:** Debtor may borrow money from its members order to operate for the next six months. Debtor had been receiving adequate income from the Lynch Canyon Field to cover operating expenses. However, the Lynch Canyon is not generating profit at current oil prices and, for that reason, a loan from Debtor's members may be necessary. Debtor will seek authorization from the Bankruptcy Court to borrow money from its members before any such loan is made.

Date: June 5, 2020

LAW OFFICES OF LEONARD K. WELSH

By: /s/ Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor-in-Possession