**4**

LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 328-5328
Facsimile: (661) 760-9900
Email: lwelsh@lkwelshlaw.com
Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TEMBLOR PETROLEUM COMPANY, LLC,<br><br>Debtor-in-Possession. | Case No. 20-11367-A-11<br>Chapter 11<br>DC No. LKW-6<br><br>Date: September 10, 2020<br>Time: 10:30 a.m.<br>Place: United States Courthouse<br>510-19th Street<br>Bakersfield, CA<br>Judge: Honorable Jennifer E. Niemann |

## MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED OIL AND GAS LEASES

TO THE HONRABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY JUDGE:

The Motion for Order Extending Time to Assume or Reject Unexpired Oil and Gas Leases ("the Motion") filed by Temblor Petroleum Company, LLC ("Debtor") represents as follows:

      1. Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on April 9, 2020. Debtor is an oil and gas production company and Debtor is operating its business as a "debtor-in-possession". A trustee has not been sought or appointed to serve in Debtors' case.

1

2. Debtor's primary assets are its Working Interests in real property identified as (1) "the Witter Field", (2) "the Lynch Canyon Field", (3) "the Los Alamos Field", (4) "the Lander Avenue Project", and (5) "Hangman Hollow Field" ("the Oil Fields"). See <u>Amended Schedule A/B Assets- Real and Personal Property</u> on file herein. Debtor's Working Interests in the Oil Fields are described and memorialized in "Oil and Gas Leases" between Debtor and third parties.

3. Debtor believes that its Working Interests in the Oil Fields are fee simple determinable interests under California law and are not "executory contracts" or "unexpired leases" as those terms are defined under the bankruptcy law. See <u>Montana Fresno Oil Company v. Powell</u>, 219 CA 2d 653 (1963); <u>In re Laugham</u>, 88 F. 2d 551, 553 (9th Cir. 1937). However, Debtor is filing the Motion in an abundance of caution to insure that its Working Interest in the Oil Fields are preserved and protected to the maximum extent possible.

4. 11 USC Section 365 (d) (4) provides that Debtor must assume or reject "unexpired leases" in the first 120 days of its Chapter 11 case unless the Court extends the time for assuming or rejecting the leases. 11 USC Section 365 (d) (4) further provides the Court may, for cause, extend the time to assume or reject unexpired leases for up to an additional 90 days or for a longer period with the lessor's consent.

5. Debtor's retaining its Working Interests in the Oil Fields is a critical part of Debtor's reorganization and Chapter 11 case. This is true because any Plan of Reorganization filed by Debtor will include the sale of one or more its Working Interests in the Oil Fields and, for that reason, maintaining the status quo is critical to all parties concerned.

6. Debtors' reorganization efforts have been slowed by the Coronavirus and the deep decline in oil prices which has occurred since the onset of the pandemic. However, Debtor is working to retain a sale agent to assist Debtor in selling its Working Interests in

one or more of the Oil Fields and Debtor believes it can retain a sale agent and file a Plan of Reorganization within the next 90 days.

7. "Cause" for extending the time to assume or reject an "executory contract" or "unexpired lease" is not defined in the Bankruptcy Code. However, Courts have held that "cause" to extend the time to assume or reject an "executory contract" or "unexpired lease" exist if, among other things:

    a. the Lease is a primary asset of the Chapter 11 estate and central to the debtor's reorganization, and

    b. the debtor needs additional time to act intelligently in making a judgment to assume or reject the Lease.

See In re Perfectlite Company, 116 BR 84, 85-6 (Bankr. ND OH 1990).

8. A Motion to assume or reject an executory contract or unexpired lease does not have to be decided within the 120 day time period described in 11 USC Section 365 (d) (4). To the contrary, the Motion simply needs to be filed within the 120 day time period provided in 11 USC Section 365 (d) (4). See In re Victoria Station, Inc., 875 F. 2d 1380, 1384 (9th Cir. 1989).

WHEREFORE, Debtor prays that:

1. its Motion for Order Extending Time to Assume or Reject Unexpired Oil and Gas Leases be granted,

2. the time for Debtor to assume or reject its "Oil and Gas Leases" associated with (a) "the Witter Field", (b) "the Lynch Canyon Field", (c) "the Los Alamos Field", (d) "the Lander Avenue Project", and (e) "the Hangman Hollow Field" be extended for 90 days or, in other words, November 5, 2020, and

3

3. Debtor be provided such other relief as the Court deems to be just and

paper.


Date: August 6, 2020                    LAW OFFICES OF LEONARD K. WELSH

                                        By: /s/      Leonard K. Welsh
                                             LEONARD K. WELSH
                                        Attorneys for Debtor-in-Possession