6
LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 328-5328
Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| In re: | Case No. 20-11367-A-11 |
|---|---|
| TEMBLOR PETROLEUM COMPANY, LLC, | Chapter 11 DC No. LKW-12 |
| Debtor-in-Possession. | Date: December 9, 2020 Time: 9:30 a.m. Place: Bankruptcy Court – Department A 2500 Tulare Street, Fifth Floor Fresno, CA Judge: Honorable Jennifer E. Niemann |

## MOTION FOR ORDER AUTHORIZING DEBTOR'S MEMBERS TO PAY FEES AND COSTS INCURRED BY DEBTOR'S ATTORNEYS

TO THE HONORABLE JENNIFER E. NIEMANN, BANKRUPTCY JUDGE:

The Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorneys filed by Temblor Petroleum Company, LLC ("Debtor") represents:

### I.

### INTRODUCTION

1.     Debtor is a Limited Liability Company organized and doing business in the State of California. Debtor incurred debt in its business and Debtor determined in the Spring of 2020 that Debtor could not repay the debt or resolve its debtor-creditor problems without the relief available to it under the Bankruptcy Code. For that reason, Debtor filed a Voluntary Petition under Chapter 11 on April 9, 2020. A Trustee has not been sought or appointed in Debtor's case and Debtor is a "debtor-in-possession" in its Chapter 11 case.

2.     Debtor filed an Application for Order Authorizing Employment of General Counsel per 11 USC Section 327(a) ("the Employment Application") on April 15, 2020 as

required by the law. Through the Employment Application, Debtor sought authorization to employ the Law Offices of Leonard K. Welsh ("the Welsh Firm") as general counsel for Debtor in its Chapter 11 case. The Bankruptcy Court approved the Application and entered an Order Authorizing Employment of General Counsel per 11 USC Section 327(a) ("the Employment Order") on May 1, 2020. The Employment Order authorized Debtor to employ the Welsh Firm as its general counsel and provided that (a) the Welsh Firm's employment was subject to the terms and conditions of 11 USC Section 327 and 329-331, (b) the Welsh Firm could apply for interim compensation in the Chapter 11 case as permitted by 11 USC Section 331, and (c) compensation paid to the Welsh Firm would be paid at the "lodestar rate" applicable at the time that services are rendered. See Order Authorizing Employment of General Counsel per 11 USC Section 327(a), Paragraphs 1, 3, and 5 at Page 2.

      3.     The Employment Application included a copy of the Legal Services Agreement between Debtor and the Welsh Firm as an Exhibit ("the LSA"). The LSA confirmed the terms under which the Welsh Firm agreed to represent Debtor in its Chapter 11 case and provided:

      a.     the Firm's representation in Debtor's Chapter 11 case was limited to representing Debtor and no other individual or entity associated with Debtor unless expressly agreed otherwise in writing and

      b.     Debtor was the only person responsible for paying the fees and costs to be incurred by the Firm in Debtor's case.

See Legal Services Agreement between Debtor and the Welsh Firm – a copy of which included in Exhibits to Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorneys on file herein. The LSA did not provide for the payment or guarantee payment of the fees and costs to be incurred by the Welsh Firm by Debtor's members.

4.      The Welsh Firm has provided services for Debtor since Debtor filed its Chapter 11 case and the Welsh Firm has filed five Applications for Allowance of Fees and Expenses Filed by Law Offices of Leonard K. Welsh ("the Fee Applications") in the case.  The Court has approved the Fee Applications without objection.  However, the Orders entered by the Court approving the Fee Applications provide that "[T]he debtor-in-possession is authorized to pay the fees allowed by this Order from available funds only if the estate is administratively solvent and such payment will be consistent with the priorities of the Bankruptcy Code." .See Orders entered on June 16, July 10, August 14, October 8, and November 10, 2020.

5.      Debtor's Chapter 11 estate is not administratively solvent and there is no money in the Chapter 11 estate to pay the fees owed to the Welsh Firm.  See Monthly Operating Report for October 2020 on file herein.  Additionally, Debtor does not expect to have money available to pay the fees and costs owed to the Welsh Firm before Debtor sells property of the estate before or after confirmation of a Plan of Liquidation that will be filed by Debtor.

6.      The Welsh Firm cannot meet its obligations with payment of the fees and costs owed to it by its clients including Debtor.  Furthermore, there is more work for the Welsh Firm to do in Debtor's Chapter 11 case including preparing and prosecuting a Plan of Liquidation for Debtor.  This work will benefit all parties concerned and must be supported by the Court.

7.      For the reasons given above and the authorities cited below, Debtor and the Welsh Firm request the Court enter an Order authorizing Debtor's members to pay fees and costs owed to the Welsh Firm so Debtor's case can proceed efficiently and economically.

## II.

## THE LAW PERMITS DEBTOR'S MEMBERS TO PAY THE FEES AND COSTS OWED TO THE WELSH FIRM IF THE TEST ADOPTED IN THE LOTUS PROPERTIES CASE IS SATISFIED

8.    The question of whether a third party can pay the fees and costs incurred by the debtor's attorney in a Chapter 11 case has been addressed by a number of Courts throughout the nation. See In re Waterfall Village of Atlanta, 103 BR 340, 345 (Bankr. ND GA 1989) and cases cited therein.  The Court in Debtor's case has held that "Bankruptcy Courts in the Ninth Circuit have adopted a five-part test to serve as a guideline where counsel for the debtor is to be funded by debtor's insiders.  In re Lotus Props., LP, 200 BR 388, 392-395 (Bankr. CD CA 1996)."  See Order Approving Fifth Application for Allowance of Fees and Expenses Filed by Law Offices of Leonard K. Welsh, Page 1, at Lines 19-22.  The Court explained that the test includes the following elements:

a.    the arrangement must be disclosed to the debtor and third party payor-insider,

b.    the debtor must expressly consent to the arrangement,

c.    the third party payor-insider must retain independent counsel and understand that debtor's attorney's duty of loyalty is owed exclusively to the debtor as the client,

d.    the relationship between the third party payor-insider, the debtor, their attorneys, and their contractual arrangement concerning fees must be disclosed to the Court at the outset of the debtor's bankruptcy representation, and

e.    the debtor's attorney must demonstrate and represent to the Court's satisfaction the absence of non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

Id., Page 1, at Lines 23-28 and Page 2, at Lines 1-9.

9.    Each of the elements found in the Lotus Properties case has been satisfied by:

a.    the Welsh firm disclosing its request that Debtor's members pay the fees and costs owed to the law firm to Debtor's Managing Members-Philip Bell ("Mr. Bell") and Will McGrath ("Mr. McGrath"),

b.      Debtor expressly consenting to the payment of the fees and costs owed to the Welsh Firm by Debtor's members,

c.      Mr. Bell and Mr. McGrath consulting with independent counsel about the Motion and the fact that the Welsh Firm's duty of loyalty is owed exclusively to Debtor,

d.      the Welsh Firm's making its relationship with Debtor and third party insiders and the firm's arrangement for payment of fees clear to all parties concerned in the LSA and the Employment Application where the parties acknowledged that the Welsh Firm represented only Debtor and Debtor was the only person or party legally responsible for payment of the fees and costs to be incurred by the law firm, and

e.      the Welsh Firm demonstrating and representing that it is disinterested in the present case and no actual or impermissible potential for a conflict of interest exists.

See Legal Services Agreement between Debtor and the Welsh Firm, the Employment Application, and the Declarations in Support of Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorneys on file herein.

10.     The Court in Lotus Properties said the following facts would alleviate concerns about disinterestedness, actual conflicts, or impermissible potential conflicts of interest:

a.      the third party payor-insider does not have individual legal liability for payment of the fees and costs in question,

b.      the third party payor-insider's contributions are not deemed to be a guarantee of the fees and expenses, and

c.      the payment of the fees and expenses do not create a direct obligation by the third party payor-insider.

See In re Lotus Properties, LP, supra, at 394.  None of the concerns raised in the Lotus Properties case identified above are present in Debtor's case.  See Declaration of Leonard K.

Welsh in Support of Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorney on file herein.

### III.

## COMPENSATION TO THE WELSH FIRM IN DEBTOR'S CASE MUST BE REVIEWED AND APPROVED BY THE COURT

11.     Employment and compensation of professionals in a Chapter 11 case is governed by 11 USC Sections 327-331. Section 328(a) provides any agreement concerning a professionals' employment or compensation by a debtor-in-possession is subject to the Court's review and approval. This includes compensation of Chapter 11 professionals by non-debtor third parties. See In re Kelton, 109 BR 641 (Bankr. D VT 1989). This means compensation to the Welsh Firm by Debtor's members must be reviewed and approved by the Court.

### IV.

### CONCLUSION

11.     For the reasons given above and shown by the evidence submitted in support of the Motion, Debtor prays that:

a.     the Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorney be granted,

b.     Debtor's members be authorized to pay the fees and costs owed to the Law Offices of Leonard K. Welsh for services rendered and costs incurred by the firm and

c.     Debtor be granted such other relief as the Court deems to be just and proper.

Dated: November 17, 2020

LAW OFFICES OF LEONARD K WELSH

By: /s/ Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor-in-Possession

31E8300.DOC

6