**5**

LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com
Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TEMBLOR PETROLEUM COMPANY, LLC.<br><br>Debtor-in-Possession. | Case No. 20-11367-A-11<br>Chapter 11<br>DC No. LKW-4<br><br>Date: December 9, 2020<br>Time: 9:30 a.m.<br>Place: United States Courthouse<br>2500 Tulare Street, Department A<br>Courtroom 11<br>Fresno, CA<br>Judge: Honorable Jennifer E. Niemann |

### DEBTOR-IN-POSSESSION'S THIRD CHAPTER 11 STATUS CONFERENCE STATEMENT

TO THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, AND PARTIES REQUESTING SPECIAL NOTICE:

TEMBLOR PETROLEUM COMPANY, LLC ("Debtor") submits the following Third Chapter 11 Status Conference Statement:

**A.** **BACKGROUND**

1. Information about Debtor's background and the events leading to Debtor's Chapter 11 case is included in the "Debtor-in-Possession's Chapter 11 Status Conference Statement" filed on June 05, 2020. For that reason, the background information and information about the events leading to Debtor's Chapter 11 case will not be repeated in this Debtor-in-Possession's Third Chapter 11 Status Conference Statement.

B.  **DEBTOR'S ASSETS AND LIABILITIES**

2.  Debtor's Schedules of Assets and Liabilities filed in its Chapter 11 case indicate that Debtor has assets valued at $12,688,376.15 and liabilities totaling $12,354,043.30 including secured claims of $2,352,219.0, priority claims of $5,373.56, and unsecured non-priority claims of $9,996,450.69. Debtor's unsecured non-priority claims include insider claims of $3,132,368.73 and a disputed claim of $7,604,207.68 held by California Energy Exchange Corporation.

C.  **PRESENT STATUS**

3.  Debtor has remained in possession of its property and managed its affairs as a debtor-in-possession since it filed for relief under Chapter 11.

D.  **INTENT WITH RESPECT TO PLAN OF REORGANIZATION**

4.  Debtor filed a Plan of Liquidation and Disclosure Statement on November 10, 2020 ("the Plan"). A hearing on approval of the Disclosure Statement is scheduled for January 7 2021. Debtor expects the Disclosure Statement to be approved by the Court. The Plan provides for the sale of its working interests in five oilfields - .i.e. (a) the Witter Field, (b) the Lynch Canyon Field, (c) the Los Alamos Field, (d) the Lander Avenue Project, and (e) the Hangman Hollow Field ("the Oilfields") and the machinery and equipment associated with its working interests in the Oilfields.

Debtor believes that filing the Plan under which all of its assets are sold represents the best way for creditors to be paid in the shortest time possible and in the maximum amount possible. However, the depression experienced by the oil and gas industry in 2020 make it impossible for Debtor [or anyone else] to offer a "quick fix" to Debtor's debtor-creditor problems. For that reason, all parties must remain patient and permit Debtor to engage in an

aggressive sales program under which all of its assets are sold for the benefit of all parties concerned.

E. **OTHER MATTERS PURSUANT TO COURT ORDER RE CHAPTER 11 STATUS CONFERENCE**

5. **Motions for Relief from Automatic Stay:** There are no Motions for Relief from Automatic Stay filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

6. **Employment of Professionals:** Debtor has filed an Application for Order Authorizing Employment of General Counsel per 11 USC Section 327(a) ("the Application") concerning its employment of the Law Offices of Leonard K. Welsh. The Bankruptcy Court approved the Application and an Order Authorizing Employment of General Counsel was entered on May 1, 2020.

Debtor has filed a Motion for Order Authorizing Employment of Marketing and Sale Agent ("the Motion") concerning its employment of Energy Advisor Group ("EAG") as its sales agent in its Chapter 11 case. The Bankruptcy Court granted the Motion and an Order Authorizing Employment of Marketing and Sales Agent was entered on October 6, 2020.

7. **Appointment of Committee of Unsecured Creditors:** The United States Trustee has not appointed a Committee of Unsecured Creditors in Debtor's case.

8. **Motions for Use of Cash Collateral:** There are no Motions for Use of Cash Collateral filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

9. **Adequate Protection Payments**: Debtor has not made adequate protection payments to secured creditors in the Chapter 11 case.

10. **Motions for Order Authorizing Assumption of Unexpired Real Property Leases:** Debtor filed a Motion for Order Extending Time to Assume or Reject Unexpired Oil and Gas Leases ("the Motion") on August 6, 2020 even though Debtor believed that its Working Interest in the Oilfields are fee simple determinable interests under California law and are not "executory contracts" or "unexpired leases" as those terms are defined under the bankruptcy law. The Court denied the Motion after finding that Debtor's Working Interests in the Oilfields are "fee simple determinable" interests and not executory contracts or unexpired leases. This finding by the Court was critical in determining the character of Debtor's interests in the Oilfields and the character of the assets that Debtor can liquidate through the Plan.

11. **Motion to Dismiss or Convert Chapter 11 Case or Motion to Appoint Chapter 11 Trustee:** There are no Motions to Dismiss or Convert Chapter 11 Case or Motion to Appoint Chapter 11 Trustee filed or pending in Debtor's case. Debtor does not believe that grounds exist for the granting of any such motions.

12. **Administrative Matters:** Debtor participated in the Initial Debtor's Interview and Meeting of Creditors conducted by the United States Trustee on May 11 and May 18, 2020. Debtor filed its Monthly Operating Reports for April through October 2020 as required by law. Debtor will file Monthly Operating Reports and pay the Quarterly Fees owed to the United States Trustee required by the law during the administration of its case. Debtor has opened Debtor-in-Possession bank accounts and has provided Proof of Insurance to the United States Trustee as required by the law.

13. **Postpetition Financing:** Debtor may borrow money from its members order to operate for the next six months. Debtor had received adequate income from the Lynch Canyon Field to pay operating expenses before Debtor filed its Chapter 11 case. However, the Lynch

Canyon is not generating profit at current oil prices and, for that reason, a loan from Debtor's members may be necessary.

14. **Alternative to Chapter 11 Case:** Dismissal of Debtor's Chapter 11 case or conversion of Debtor's Chapter 11 case to Chapter 7 are the two most logical alternatives to Debtor's Chapter 11 case. Debtor believes that the dismissal of its Chapter 11 case is not in the best interest of creditors because creditors would be forced to pursue involuntary collection actions against Debtor if the Chapter 11 case is dismissed and such actions would be expensive and time consuming for all parties concerned. Additionally, Debtor does not believe that conversion of the Chapter 11 case to Chapter 7 is in the best interest of creditors because a Chapter 7 Trustee may not have the same experience and expertise in the oil and gas industry as possessed by Debtor and its members and such experience and expertise will help to insure that Debtor's assets are sold as quickly as possible and for the highest price possible in Debtor's case.

Date: December 2, 2020

LAW OFFICES OF LEONARD K. WELSH

By: /s/ Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor-in-Possession