# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

---

**Case Title:** TEMBLOR PETROLEUM COMPANY, LLC

**Case No.:** 20-11367 - A - 11

**Docket Control No.** LKW-17

**Date:** 04/08/2021
**Time:** 10:30 AM

**Matter:** [296] - Motion/Application for Compensation [LKW-17] for Leonard K. Welsh, Debtors Attorney(s). Filed by Leonard K. Welsh (shes)

**Judge:** Jennifer E. Niemann
**Courtroom Deputy:** Rosalia Estrada
**Reporter:** Not Recorded
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

### CIVIL MINUTES

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

This motion was set for hearing on at least 28 days' notice pursuant to Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of creditors, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires a moving

party make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

Law Offices of Leonard K. Welsh ("Movant"), counsel for debtor and debtor in possession Temblor Petroleum Company, LLC ("DIP"), requests an allowance of interim compensation and reimbursement for expenses for services rendered December 1, 2020 through February 28, 2021. Doc. #296. Movant provided legal services valued at $9,722.50, and requests compensation for that amount. Doc. #296. Movant requests reimbursement for expenses in the amount of $444.30. Doc. #296.

Section 330(a)(1) of the Bankruptcy Code authorizes "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses" to a debtor's attorney in a chapter 11 case. 11 U.S.C. § 330(a)(1). According to the order authorizing employment of general counsel, Movant may submit monthly applications for interim compensation pursuant to 11 U.S.C. § 331. Order, Doc. #21. In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, extent, and value of such services, taking into account all relevant factors. 11 U.S.C. § 330(a)(3).

Movant's services included, without limitation: (1) advising DIP on a disclosure statement that was disapproved by the court; (2) preparing and filing the first amended disclosure statement; (3) preparing and filing a notice of stay proceeding; (4) communicating with creditors' attorneys about state court litigation and disclosure statements; and (6) preparing fee applications. Exs., Doc. #300. The court finds the compensation and reimbursement sought are reasonable, actual, and necessary.

This motion was GRANTED. The court allowed interim compensation in the amount of $9,722.50 and reimbursement for expenses in the amount of $444.30. Movant was allowed interim fees and costs pursuant to 11 U.S.C. § 331, subject to final review and allowance pursuant to 11 U.S.C. § 330. Such allowed amounts shall be perfected, and may be adjusted, by a final application for allowance of compensation and reimbursement of expenses, which shall be filed prior to case closure. DIP and/or DIP's members were authorized to pay the fees allowed by this order from available funds or in accordance with the Order Granting Motion for Order Authorizing Debtor's Members to Pay Fees and Costs Incurred by Debtor's Attorneys. Doc. #241.