**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** TEMBLOR PETROLEUM COMPANY, LLC

**Case No.:** 20-11367 - A - 11

**Docket Control No.** LKW-18
**Date:** 04/28/2021
**Time:** 9:30 AM

**Matter:** [305] - Motion/Application to Convert Case From Chapter 11 to Chapter 7 [LKW-18] Filed by Debtor TEMBLOR PETROLEUM COMPANY, LLC (Fee Paid $15) (eFilingID: 6949924) (shes)

**Judge:** Jennifer E. Niemann
**Courtroom Deputy:** Rosalia Estrada
**Reporter:** Not Recorded
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

This motion was set for hearing on at least 28 days' notice pursuant to Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of creditors, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires a moving

party make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

Temblor Petroleum Company ("Debtor") moves the court for an order converting Debtor's chapter 11 case to chapter 7 pursuant to 11 U.S.C. § 1112(a). Doc. #305.

Bankruptcy Code § 1112(a) permits the debtor to convert a chapter 11 case to chapter 7 so long as three conditions are met. Conversion to chapter 7 is allowed unless: (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request. 11 U.S.C. § 1112(a).

Here, Debtor initiated this chapter 11 case by filing a voluntary petition on April 9, 2020, and Debtor is conducting its business as a debtor in possession. Decl. of Philip F. Bell, Doc. #307. A review of the docket in this bankruptcy case shows that this case has not been converted previously. Therefore, the Bankruptcy Code does not preclude Debtor from voluntarily converting to chapter 7.

Accordingly, this motion was GRANTED.