**D. MAX GARDNER, ESQ. (CSB No. 132489)**
**930 Truxtun Ave., Suite 203**
**Bakersfield, CA 93301**
**661-864-7373 tel.**
**661-864-7366 fax**
**dmgardner@dmaxlaw.com**
Attorney for Chapter 7 Trustee Jeffrey M. Vetter

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE:<br><br>TEMBLOR PETROLEUM COMPANY, LLC.<br><br>DEBTOR. | Bankruptcy Case No.: 2020-11367<br><br>Chapter 7<br><br>DMG-5 |

## MOTION TO SELL ESTATE'S INTEREST
## IN PROPERTY PURSUANT TO 11 U.S.C. SECTION 363 (b)
(DEBTOR'S WORKING INTEREST IN LYNCH CANYON FIELD
MONTEREY COUNTY, CA)

Date:   February 23, 2021
Time:   1:30 p.m.
Place:  2500 Tulare Street, 5th Floor
            Courtroom 12, Fresno, CA
Judge:  Hon. Jennifer Niemann

Chapter 7 Trustee Jeffrey M. Vetter ("Trustee") moves this Court for an order

authorizing the sale of the real property commonly known as Debtor Temblor Petroleum

Company LLC's Oil and Gas Working Interest, Lynch Canyon Field, Monterey County, CA

pursuant to 11 U.S.C. §363(b), and respectfully represents as follows:

1.   Temblor Petroleum filed a voluntary petition under Chapter 1 of the United States Bankruptcy Code on April 9, 2020.  The case converted to Chapter 7 on May 5, 2021.

2.   Jurisdiction exists under 28 U.S.C. § 1334.  Venue is proper under 28 U.S.C. § 1408. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of California General Orders 182 and 223.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(N)&(O).  This is a Motion brought pursuant to 11 U.S.C. §363(b).  This is a contested matter under F.R.B.P. Rule 9014 and a Motion brought pursuant to Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, LBR Rule 9014-1.

3.   The Trustee has received an offer from Cal NRG, subject to higher and better bid in the procedure discussed herein.

4.   The essential terms of the sale are:

a. $20,000 sale price.

b.  Initial deposit of $3,000.

c. A total of $10,000 paid to Energy Advisors Group for commission.

d. The sale of the subject property is in "as-is" condition, and buyer is subject to any all liens, encumbrances, charges, taxes, fees and delinquencies attributed to the Debtor's share of joint interest liabilities, which are currently estimated at $538, 801.83 as of January 13, 2022.

5. This sale is subject to higher and better bids at the time of the hearing on this motion. Interested parties will be provided notice of the date and time of the hearing on this sale and the over bid terms in the following paragraph will be utilized.

6. It is the Trustee's recommendation that any party wishing to overbid for the subject property must perform and/or provide the following:

    a. Provide certified funds in the amount of $23,000 prior to the time of the sale, and no later than the close of business on February 18, 2022 to Jeffrey Vetter, PO Box 2424, Bakersfield, CA 93303, 661-809-6806. Any unsuccessful bidder's deposit shall be returned at the conclusion of the sale motion hearing;

    b. Proof in the form of a letter of credit, or some other written pre-qualification for any financing that may be required to complete the purchase of the subject property sufficient to cover the necessary overbid amount;

    c. Proof that any successful over bidder can and will close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property;

    d. Any successful overbid shall have the $23,000 deposit applied to the successful overbid price;

    e. In the event a successful over bidder fails to close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property, then the $23,000 deposit shall become non-refundable;

    f. Overbids be made by attending the hearing telephonically by dialing 1-866-582-6878.

    h. All overbids shall be in the minimum amount of $1,000.00.

MOTION FOR AUTHORITY
TO SELL ESTATE'S INTEREST IN PROPERTY PURSUANT TO 11 U.S.C. §363(b) 3

i. The sale of the subject property is in "as-is" condition with no warranty or representations, express, implied or otherwise by the bankruptcy estate, the Debtor or his representatives.

7. Regarding the proposed commissions to be paid under the sale of the subject property, the total brokers' commission shall not exceed $10,000. Energy Advisor's Group was employed by the Debtor on September 30, 2020.

8. The Trustee believes that the subject property has a fair market value equal to the value of the sale set forth above based upon his investigation of the market and following his consultations with Debtor counsel, and the firm who has marketed and sought a buyer on behalf of the estate. The Trustee has in the course of serving on the Chapter 7 panel, developed his own list of oil and gas contacts and has over the past year, circulated the information to such contacts but has not received any interest in the subject property. Based upon this investigation and after his consultation the Trustee submits that the proposed sale and overbid terms are fair, reasonable, and will generate a sale of the subject property in conformity with terms set forth above under current market conditions.

9. The Trustee submits that the sale of the subject property with the overbid provisions set forth above are in the best interest of the estate and should be authorized by the Court. The Trustee believes that the offer obtained through the sale and overbid procedure will represent the current market value of the subject property and insure that the best and highest offer that can be obtained. The sale will be beneficial to the bankruptcy estate and funds for payment of claims in this Chapter 7 estate.

10. In the event the subject property is sold by way of overbid to any party satisfying the bidding procedure requirements, the Trustee requests that the Court order that the sale is in "good faith" within the meaning of 11 U.S.C. §363(m) based upon that party's compliance.

WHEREFORE, TRUSTEE RESPECTFULLY PRAYS AS FOLLOWS:

A.     For an Order authorizing the sale of the property described herein pursuant to 11 U.S.C. §363(b) on the terms and conditions as set forth above;

B.     For an Order that the Trustee has complied with all applicable notice and procedure requirements regarding the sale of the subject properties;

C.     For an Order authorizing the Trustee to execute any and all documents reasonably necessary to effectuate the terms of and close the sale;

D.     For an Order that the sale of the subject property is in "good faith" as contemplated under 11 U.S.C. §363(m) should the subject property be sold by way of overbid; and

E.     For such further relief as the Court deems appropriate.

Dated: January 24, 2022

D. Max Gardner, Attorney at Law
Attorney for Chapter 7 Trustee,
Jeffrey M. Vetter