**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**AMENDED CIVIL MINUTES**

**Case Title:** TEMBLOR PETROLEUM COMPANY, LLC

**Case No.:** 20-11367 - A - 7

**Docket Control No.** DMG-8

**Date:** 08/10/2022
**Time:** 1:30 PM

**Matter:** [416] - Motion/Application to Sell [DMG-8] Filed by Trustee Jeffrey M. Vetter (shbs)

**Judge: Jennifer E. Niemann**
**Courtroom Deputy: Bethany Soto**
**Reporter: Electronic Record**
**Department: A**

**APPEARANCES for:**
**Movant(s):**
(by phone) Trustee's Attorney - D. Max Gardner;
(by phone) Trustee - Jeffrey M. Vetter
**Respondent(s):**
(by phone) Creditor's Attorney - John J. Harris;
(by phone) Interested Party - Dan Scholefield;
(by phone) Interested Party - Kris Pitta;
Interested Party - Steven A. Rowlee

**AMENDED CIVIL MINUTES**

Motion Granted

For the reasons stated on the record, the motion to sell was Granted. Sale was approved to Prudent Resources in the amount of $101,000.00. In the event Prudent Resources is unable to pay, the trustee may sell to the second highest bidder Genautica Oil Holdings, LP in the amount of $86,000.00

Bidders:
Prudent Resources
Genautica Oil Holdings, LP

The Moving Party shall submit a proposed order after the hearing.

This motion was set for hearing on at least 28 days' notice pursuant to Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Therefore, the defaults of the above-mentioned parties in interest were entered. The matter proceeded as scheduled for higher and better offers.

Jeffrey M. Vetter ("Trustee"), the chapter 7 trustee of the bankruptcy estate of Temblor Petroleum Company LLC ("Debtor"), moves the court pursuant to 11 U.S.C. § 363 for an order authorizing the sale of real property commonly known as Debtor's Oil and Gas Working Interest, Hangman Hollow Field, Monterey County, California ("Working Interest") to Trio Petroleum LLC ("Trio") for the purchase price of $10,000.00, subject to higher and better bids at the hearing. Doc. #416. The sale of the Working Interest is "as-is" and subject to any and all liens, encumbrances, charges, taxes, fees, and delinquencies attributed to Debtor's share of Hangman Hollow Field joint interest liabilities. Id. Trustee also seeks authorization to pay a commission for the sale to Energy Advisors Group ("Broker"). Doc. #416.

<u>Selling Property of Estate under 11 U.S.C. § 363(b)(1) Permitted</u>

Pursuant to 11 U.S.C. § 363(b)(1), the trustee, after notice and a hearing, may "use, sell, or lease, other than in the ordinary course of business, property of the estate." Proposed sales under § 363(b) are reviewed to determine whether they are: (1) in the best interests of the estate resulting from a fair and reasonable price; (2) supported by a valid business judgment; and (3) proposed in good faith. In re Alaska Fishing Adventure, LLC, 594 B.R. 883, 887 (Bankr. D. Alaska 2018) (citing 240 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners, Ltd.), 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996)). "In the context of sales of estate property under § 363, a bankruptcy court 'should determine only whether the trustee's judgment [is] reasonable and whether a sound business justification exists supporting the sale and its terms.'" Alaska Fishing Adventure, 594 B.R. at 889 (quoting 3 COLLIER ON BANKRUPTCY ¶ 363.02[4] (Richard Levin & Henry J. Sommer eds., 16th ed.)). "[T]he trustee's business judgment is to be given great judicial deference." Id. at 889-90 (quoting In re Psychometric Sys., Inc., 367 B.R. 670, 674 (Bankr. D. Colo. 2007)).

Trustee believes that approval of the sale on the terms set forth in the motion is in the best interests of creditors and the estate. Decl. of Jeffrey M. Vetter, Doc. #418. Trio tendered an offer of $10,000, which Trustee has accepted conditioned upon the court's approval and better and higher offers at the hearing. Ex. A, Doc. #419; Vetter Decl., Doc. #418. The sale is "as is" with no warranties or

representations of any nature and buyer is subject to any liens, encumbrances, charges, taxes, fees, and delinquencies attributed to Debtor's share of joint interest liabilities. Vetter Decl., Doc. #418. Trio made an initial deposit of $2,000. Id. Trustee, over the course of serving on as a chapter 7 panel trustee, has developed contacts in the oil and gas industry and circulated the sale opportunity to contacts but did not receive any interest in the Working Interest. Id. If the Working Interest is sold to a higher bidder at the hearing, the higher bidder will take the Working Interest as-is. Id. Trustee expects to pay a $2,500 commission to Broker. Id. In the event of an overbid, the commission shall be 25% of any amount exceeding the $10,000 purchase price. Id.

It appears that the sale of the Working Interest to Trio is in the best interests of the estate, the Working Interest will be sold for a fair and reasonable price, and the sale is supported by a valid business judgment and proposed in good faith.

Accordingly, the court GRANTED Trustee's motion and authorized the sale of the Working Interest to Trio pursuant to 11 U.S.C. § 363(b)(1).

<u>Compensation to Broker</u>

Trustee also seeks authorization to pay Broker a commission for the sale of the Property. This court authorized the employment of Broker on October 6, 2020. Doc. #175. The court authorized payment to Broker from proceeds received from the sale of the Working Interest, subject to approval under § 330 of the Bankruptcy Code.

Trustee seeks to pay Broker an amount not to exceed $2,500 from the sale proceeds of the Working Interest for services rendered as the broker for the sale. Vetter Decl., Doc. #418. In the event of an overbid, the commission shall be 25% of any amount exceeding the $10,000 purchase price. Id. Section 330(a)(1) of the Bankruptcy Code authorizes "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses" to a "professional person." 11 U.S.C. § 330(a)(1). In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, extent, and value of such services, taking into account all relevant factors. 11 U.S.C. § 330(a)(3). Broker was employed in 2020 and assisted with securing an offer for the sale of the Working Interests. Vetter Decl., Doc. #418. The Order Authorizing Employment stated that compensation to Broker will be paid from sale proceeds in the manner set forth in the Employment Agreement. Order, Doc. #175. The cash price to be paid for the Working Interest is $10,000, of which $2,500 will be paid to Broker, so the proposed compensation is 25% of the total value of the transaction to the estate. Vetter Decl., Doc. #418. The court finds the compensation and reimbursement sought are reasonable, actual, and necessary.

Conclusion
---

Accordingly, the court GRANTED Trustee's motion and authorized the sale of the Working Interest pursuant to 11 U.S.C. § 363(b)(1). Trustee is authorized to pay Broker for services as set forth in the motion.