D. MAX GARDNER, ESQ. (CSB No. 132489)
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-864-7366 fax
dmgardner@dmaxlaw.com
Attorney for Chapter 7 Trustee Jeffrey M. Vetter

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>TEMBLOR PETROLEUM COMPANY, LLC.<br><br>DEBTOR. | Bankruptcy Case No.: 2020-11367<br><br>Chapter 7<br><br>DC No.: JMV-1 |

## STATUS REPORT ON NOTICE OF INTENT TO ABANDON

Date: December 14, 2022
Time: 1:30 p.m.
Place: 2500 Tulare Street, 5th Floor
Courtroom 12, Fresno, CA
Judge: Hon. Jennifer Niemann

TO THE HONORABLE JENNIFER NIEMANN, UNITED STATES BANKRUPTCY JUDGE:

Chapter 7 Trustee Jeffrey M. Vetter, provides the following status report in advance of the hearing:

1. **Status of sales of oilfield interests**. There have been two pending motions filed by the Trustee to sell the Chapter 7 estate's working interest in oilfields, identified as:

    a. **"Hangman Hollow"**, Monterey County, CA (DMG-8) An order appearing on docket no. 432 authorized the Trustee to sell to Prudent Resources in the

sum of $101,000, then to Genautica Oil for $86,000 if Prudent Resources was unable to complete. Both Prudent Resources and Genautica Oil declined to complete the sale for their bids. Both entities claimed they had been been misrepresented to by the Trustee that the oilfield was free and clear of liens. Both the motion to sell, the Trustee's declaration in support of the motion, and the Court's pre-disposition, (that parties who appear in court were required to read), reference the fact that the sale was "as-is." The Trustee did not misrepresent that the sale was free and clear at any time. Genautica Oil subsequently demanded that the Trustee sell this property for $15,000, which was the amount of its first over-bid. The Trustee declined because he did not have court permission to sell it for $15,000. Genautica Oil has appealed the Court's amended order. This order authorizes the Trustee to sell the interest to the original bidder, Trio Petroleum, the original bidder, in the original amount. Trio Petroleum is still prepared at this time to honor its bid.

      b. **"Witter Field, aka West Five Points."** (DMG-9) After review of the proposed order authorizing the sale of this interest, Petro Lud has declined to complete the purchase.

      c. **Request by the Trustee**. These interests have been pending within the Chapter 7 estate for an extensive period of time. Both of the sales arose only after the Trustee sent out his notice of intent to abandon these interests and after continually filing multiple requests to extend the deadline for them to be deemed abandoned. The notice of intent to abandon clearly references the fact that the Trustee has determined that these assets are of inconsequential value to the estate. All of the prospective buyers are experienced players in the oilfield industry with due diligence requirements in attempting to acquire properties. Based on all of the foregoing, if the Court will allow, the Trustee requests that he be authorized to submit an order deeming the Witter Field to be abandoned, and the Court extend the deadline to reject Hangman Hollow because he still has a willing buyer. The extension should be set out in a sufficient period of time to allow the appeal to

run.

Dated: December 7, 2022					Respectfully submitted,

					_____
					D. Max Gardner, Attorney for Chapter 7
					Trustee Jeffrey M. Vetter