**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES**

---

**Case Title:** TEMBLOR PETROLEUM COMPANY, LLC

**Case No.:** 20-11367 - A - 7

**Docket Control No.** PRG-1
**Date:** 04/06/2023
**Time:** 10:00 AM

**Matter:** [500] - Motion/Application to Vacate [PRG-1] Filed by Interested Party Genautica Oil Holdings, LP (jlns) [500] - Notice of Hearing Re: [500] Motion/Application to Vacate [PRG-1] to be held on 3/9/2023 at 10:00 AM at Bakersfield Federal Courthouse. (jlns)

**Judge:** Jennifer E. Niemann
**Courtroom Deputy:** Bethany Soto
**Reporter:** Electronic Record
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**

**Respondent(s):**

---

**CIVIL MINUTES**

Motion Neither Granted nor Denied

The court will issue an order.

This motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). On March 23, 2023, the vice president for Trio Petroleum LLC, ("Trio") timely filed written opposition together with a supporting declaration (collectively, "Response"). Doc. ##510-512. The failure of creditors, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Therefore, the defaults of the non-responding parties in interest were entered.

As a procedural matter, the notice of motion does not comply with LBR 9004-2(c)(1), which requires a notice of hearing on a motion to be filed as a separate document. Here, the notice of motion and motion were filed as a single document. Doc. #500. The notice of motion also

does not comply with LBR 9014-1(d)(3)(B)(iii), which requires the notice to advise respondents that they can determine whether the matter has been resolved without oral argument or whether the court has issued a tentative ruling by viewing the court's website at www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing, and that parties appearing telephonically must view the pre-hearing dispositions prior to the hearing. Additionally, the motion and memorandum of points and authorities may only be combined as a single document if six pages or less. LBR 9014-1(d)(4).

As a further procedural matter, the exhibit document filed with the motion (Doc. #502) does not comply with LBR 9004-2(d)(2), which requires that "[e]ach exhibit document filed shall have an index at the start of the document that lists and identifies by exhibit number/letter each exhibit individually and shall state the page number at which it is found within the exhibit document." The exhibit document filed with the motion does not include the required exhibit index.

As a further procedural matter, the certificate of service filed in connection with the reply (Doc. #513) does not comply with LBR 7005-1 and General Order 22-03, which require attorneys and trustees to use the court's Official Certificate of Service Form as of November 1, 2022.

The court encourages counsel for the moving party to review the local rules to ensure compliance in future matters or those matters may be denied without prejudice for failure to comply with the local rules. The rules can be accessed on the court's website at https://www.caeb.uscourts.gov/LocalRules.aspx.

As a further procedural matter, the court is inclined to strike Trio's Response because Trio is a limited liability company and is not represented by counsel. Under applicable legal authority, a limited liability company cannot appear in this bankruptcy case without assistance of legal counsel. The Ninth Circuit has held that "[c]orporations and other unincorporated associations must appear in court through an attorney." Licht v. America W. Airlines (In re America W. Airlines), 40 F.3d 1058, 1059 (9th Cir. 1994); see also Orsini v. Interiors of Yesterday, LLC (In re Interiors of Yesterday, LLC), 284 B.R. 19, 23-26 (Bankr. D. Conn. 2002) (requiring limited liability company to file bankruptcy petition through counsel). Here, Steven A. Rowlee signed Trio's opposition as Trio's vice president. Doc. #510. There is no indication that Mr. Rowlee is authorized to practice law before this court. To the extent Mr. Rowlee is attempting to represent Trio in this bankruptcy case, "[a] person not an active member of the State Bar who practices law commits a misdemeanor." Gerhard v. Stephens, 68 Cal. 2d 864, 917-18 (1968); Cal. Bus. & Prof. Code § 6126(a). If Trio wishes to oppose a motion in this bankruptcy case, Trio must appear through an attorney.

By this motion ("Motion"), Genautica Oil Holdings, LP ("Movant") seeks to vacate an order that currently is the subject of an appeal to the United States District Court for the Eastern District of California ("District Court"). Motion, Doc. #500. Specifically, on August 10, 2022, this court held an auction of the 24.22% interest of the debtor, Temblor Petroleum Company, LLC, in an oil field known as Hangman's Hollow ("Working Interest"). Id. Trio was a stalking horse bidder to purchase the Working interest for $10,000.00, subject to higher and better offers. Doc. #416. Prudent Resources was the winning bidder at the August 10 auction for $101,000.00, with Movant as the back-up bidder for $86,000.00. Doc. #431.

On August 19, 2022, the court entered an order authorizing the sale of the Working Interest to Prudent Resources as the winning bidder and to Movant as the back-up bidder ("Sale Order"). Doc. #432. Neither Prudent Resources nor Movant completed the sale as set forth in the Sale Order. Decl. of Jeffrey M. Vetter, Doc. #471. On November 3, 2022, the court granted the chapter 7 trustee's ex parte motion to amend the Sale Order and authorized the sale of the Working Interest to Trio for $10,000.00 ("Amended Order"). Doc. #473. On November 17, 2022, Movant appealed the Amended Order to the District Court. Doc. #481. Movant filed the Motion on February 2, 2023. Doc. #500.

Movant seeks to vacate the Sale Order and the Amended Order pursuant to Federal Rules of Civil Procedure ("Civil Rule") 60(b)(1) and (b)(6), incorporated into this matter by Federal Rule of Bankruptcy Procedure ("Rule") 9024. Movant asserts that neither Movant nor Prudent Resources knew at the time of the auction that the sale of the Working Interest was "as is" and subject to the debtor's liabilities with respect to the Working interest, including substantial claims asserted by Trio, and Movant only learned this information after the auction. Decl. of Dan Scholefield, Doc. #501. Movant also contends that representations of the broker and the marketing materials related to the Working Interest contained material mistakes of fact as to the status of the Working Interests that Movant learned about only after the auction. Id. On this basis, Movant requests that this court vacate the sale of the Working Interest and reopen the auction. Motion, Doc. #481.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). Here, the court lacks authority to consider Movant's motion for reconsideration under Civil Rules 60(b)(1) and 60(b)(6) because such authority has been divested by the appeal of the Amended Order to the District Court.

However, Rule 8008 "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial

issue." Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment. Rule 8008 applies "when a post judgment motion – such as a motion for relief from judgment under Civil Rule 60(b) made more than 14 days after entry of the judgment - which does not suspend the time for filing a notice of appeal - is made in the bankruptcy court at a time when a pending appeal has deprived the bankruptcy court of jurisdiction to decide the motion." 10 COLLIER ON BANKRUPTCY ¶ 8008.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). Under Rule 8008, "[i]f a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Rule 8008(a)(3) allows the bankruptcy court to inform an appellate court that the motion raises a substantial issue. Fed. R. Bankr. P. 8008(a).

For the reasons set forth above, the court informs the District Court that the court finds that the Motion raises a substantial issue with respect to the propriety of the auction of the Working Interest that underlies the Amended Order that is currently on appeal.