STRADLING YOCCA CARLSON & RAUTH, P.C.
Paul R. Glassman (State Bar No. 76536)
Tatiana Ingman (State Bar No. 314284)
10100 Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
E-mail: pglassman@stradlinglaw.com
       tingman@stradlinglaw.com

Attorneys for Genautica Oil Holdings, LP

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TEMBLOR PETROLEUM COMPANY, LLC<br>                                Debtor. | Case No. 2020-11367<br><br>Chapter 7<br><br>Docket Control Number: PRG-3<br><br>**AMENDED MOTION OF GENAUTICA OIL HOLDINGS, LP TO VACATE SALE ORDER, AS AMENDED**<br><br>Hearing<br>Date: June 14, 2023<br>Time: 1:30 p.m.<br>Place: 2500 Tulare Street, Suite 2501<br>         Fresno, CA 93721<br><br>Judge: Hon. Jennifer Niemann |

**TO THE HONORABLE JENNIFER NIEMANN, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST**:

Genautica Oil Holdings, LP ("Genautica") hereby moves the Court (the "Amended Motion") for entry of an order pursuant to Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Rules") and Section 105 of title 11 of the United States Code (the "Bankruptcy Code") vacating this Court's *Order on Motion to Sell Estate's Interest in Property Pursuant to 11 U.S.C Section 363(b) (Debtor's Working Interest Hangman Hollow Field, Monterey County, CA)* entered August 19, 2022 [Dkt. No. 432] (the "Sale Order") and *Amended Order on Motion to Sell Estate's Interest in Property Pursuant to 11 U.S.C. Section 363(b) (Debtor's Working Interest Hangman Hollow Field, Monterey County, CA)* [Dkt. 473] (the "Amended Sale Order") entered November 3, 2022. The Amended Sale Order approved the sale of the Debtor's Working Interest in the Hangman Hollow Field (the "Working Interest") to Trio Petroleum LLC ("Trio"). Trio is the operator of the Working Interest and the stalking horse bidder.

On November 17, 2022, Genautica filed a notice of appeal of the entry of the Amended Sale Order to preserve its right to appeal. The appeal is pending in the United States District Court for the Eastern District of California (the "District Court") under Case Number 22-1507.

On February 2, 2023, Genautica filed a motion in this Court to vacate entry of the Sale Order and Amended Sale Order. On March 23, 2023, Trio submitted an opposition to Genautica's Motion to Vacate, pro se. On April 6, 2023, this Court conducted a hearing on Genautica's Motion to Vacate. The Court declined to consider Trio's opposition and entered the defaults of the non-responding parties in interest. The Court then issued an indicative ruling that the Motion to Vacate raises a substantial issue within the meaning of Rule 8008. On April 27, 2023, the District Court remanded this case to this Court.

Accordingly, by this Amended Motion, Genautica respectfully requests that this Court vacate its Sale Order and Amended Sale Order on the grounds of mistake and to avoid manifest injustice. After the auction of the Working Interest, Genautica learned of significant irregularities in the auction process. First, the two bidders were given materially different terms of sale. Next,

the marketing materials contained misrepresentations about the status of the property at auction. The two winning bidders withdrew after learning of these discrepancies, but Genautica expressed its continued interest in purchasing the property at a price higher than the stalking horse bid.

Before Genautica was even served with an application to this Court, the Court approved an application to sell the Working Interest to Trio. Genautica's post-auction bid, which is 50% higher than the stalking horse bid, had not been disclosed. *See e.g. Four B. Corp. v. Food Barn Stores (In re Food Barn Stores),* 107 F.3d 558, 564 (8th Cir. 1997)(court has authority to accept post-auction bid in the interests of the estate). Each irregularity constitutes sufficient cause for the Court to reopen the auction. Together, cause to reopen the auction is compelling.

There can be no dispute that significant mistakes were made by estate fiduciaries in the sale and auction process. Trio was granted a windfall. Equity abhors a windfall. *See In re Millennium Lab Holdings II, LLC*, 945 F.3d 126, 143 (3d Cir. 2019). The only fair and equitable result is to allow the bidders to participate in an auction free of these irregularities for the benefit of the estate.

Accordingly, and for the reasons set forth in the accompanying Memorandum of Points and Authorities and Declaration of Dan Scholefield filed concurrently herewith, the Court should grant the Amended Motion and such other and further relief as may be just and proper.

Dated: May 16, 2023   STRADLING YOCCA CARLSON & RAUTH, P.C.

By:   /s/ *Paul Glassman*
     Paul R. Glassman
     Tatiana Ingman
     Attorneys for Genautica Oil Holdings, LP