STRADLING YOCCA CARLSON & RAUTH, P.C.
Paul R. Glassman (State Bar No. 76536)
Tatiana Ingman (State Bar No. 314284)
10100 Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
E-mail: pglassman@stradlinglaw.com
      tingman@stradlinglaw.com

Attorneys for Genautica Oil Holdings, LP

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TEMBLOR PETROLEUM COMPANY, LLC<br>                                  Debtor. | Case No. 2020-11367<br><br>Chapter 7<br><br>Docket Control Number: PRG-3<br><br>**NOTICE OF HEARING ON AMENDED MOTION OF GENAUTICA OIL HOLDINGS, LP TO VACATE SALE ORDER, AS AMENDED**<br><br>Hearing<br>Date:  June 14, 2023<br>Time:  1:30 p.m.<br>Place:  2500 Tulare Street, Suite 2501<br>         Fresno, CA 93721<br><br>Judge:  Hon. Jennifer Niemann |

**TO THE HONORABLE JENNIFER NIEMANN, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST**:

**PLEASE TAKE NOTICE** that on May 16, 2023, Genautica Oil Holdings, LP ("Genautica") filed its *Amended Motion of Genautica Oil Holdings, LP to Vacate Sale Order, As Amended* (the "Motion") with the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court") seeking entry of an order pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, Rule 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California and Section 105 of title 11 of the United States Code vacating the Court's *Order on Motion to Sell Estate's Interest in Property Pursuant to 11 U.S.C Section 363(b) (Debtor's Working Interest Hangman Hollow Field, Monterey County, CA)* entered August 19, 2022 [Dkt. No. 432] and *Amended Order on Motion to Sell Estate's Interest in Property Pursuant to 11 U.S.C. Section 363(b) (Debtor's Working Interest Hangman Hollow Field, Monterey County, CA)* [Dkt. 473] entered November 3, 2022 on the grounds of mistake and to avoid manifest justice because (i) the bidders were induced to overbid based on the Brokers'[1] misstatements of fact (in which Trio is, at the very minimum, complicit); (ii) the bidders were bidding based on different, material, sales terms (namely whether or not the Property is free and clear of Trio's purported hundreds of thousands of dollars of claims); and (iii) the record is clear that a renewed auction of the Property would yield at least 50% more than Trio's stalking horse bid. In support of the Motion, Genautica filed a Memorandum of Points and Authorities and Declaration of Dan Scholefield concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this notice, the Memorandum of Points and Authorities, the Declaration of Dan Scholefield and the Exhibits thereto, the arguments of counsel, the record in this case, and other admissible evidence properly brought before the Court at or before the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on **June 14, 2023 at 1:30 p.m**. (the "Hearing Date") before the Honorable Jennifer E. Niemann, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Memorandum of Points and Authorities filed in the support of the Motion.

1. California, Fresno Division, 2500 Tulare Street, Suite 2501, Fresno, CA 93721. Parties may appear
2. in court in person, by telephone or by video conference. More information about how to appear by
3. telephone or video conference is available on the Bankruptcy Court's website at
4. www.caeb.uscourts.gov.

5.     **PLEASE TAKE FURTHER NOTICE** that the failure to file timely written opposition
6. may result in the Motion being resolved without oral argument and the striking of untimely written
7. opposition. Opposition, if any, to the granting of the Motion must be in writing and must be served
8. and filed with the Bankruptcy Court at least fourteen (14) calendar days before the Hearing Date.
9. Such opposition must be accompanied by evidence establishing such opposing parties' factual
10. allegations. No party shall be heard in opposition to a motion at oral argument, without good cause,
11. if written opposition to the motion has not been timely filed. The opposition shall specify whether
12. the responding party consents to the Bankruptcy Court's resolution of disputed material factual
13. issues pursuant to Fed. R. Civ. P. 43(c) as made applicable by Fed. R. Bankr. P. 9017. If the
14. responding party does not consent, the opposition must include a separate statement identifying
15. each disputed material factual issue. The separate statement must enumerate discreetly each of the
16. disputed material factual issues and cite the particular portions of the record demonstrating that a
17. factual issue is both material and in dispute. Failure to file the separate statement shall be construed
18. as consent to resolution of the motion and all disputed material factual issues pursuant to Fed. R.
19. Civ. P. 43(c).

20.     **PLEASE TAKE FURTHER NOTICE** that respondents can determine whether the
21. matter has been resolved without oral argument or whether the court has issued a tentative ruling,
22. and can view [any] pre-hearing dispositions by checking the Bankruptcy Court's website at
23. www.caeb.uscourts.gov after 4:00 P.M. the day before the hearing. Parties appearing
24. telephonically must view the pre-hearing dispositions prior to the hearing.

25. Dated: May 16, 2023                 STRADLING YOCCA CARLSON & RAUTH, P.C.

26.                           By:   */s/ Paul Glassman*
27.                                 Paul R. Glassman
                                Tatiana Ingman
28.                                 Attorneys for Genautica Oil Holdings, LP