Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard
Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Creditor
TRIO PETROLEUM, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | CASE No. 2020-11367 |
| TEMBLOR PETROLEUM COMPANY, LLC, | Chapter 7 |
|     Debtor. | DCN: PRG-3 |
| | **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAN SCHOLEFIELD IN SUPPORT OF AMENDED MOTION OF GENAUTICA OIL HOLDINGS, LP TO VACATE SALE ORDER, AS AMENDED; MOTION TO STRIKE** |
| | Date: June 14, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 11, Dept. A<br>        2500 Tulare Street, Suite 2501<br>        Fresno, CA 93721 |
| | Hon. Jennifer Niemann |

4930080v1 | 101458-0001

1

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAN SCHOLEFIELD

Creditor Trio Petroleum, LLC ("Trio") respectfully submits these Evidentiary Objections to the *Declaration of Dan Scholefield in Support of Amended Motion to Genautica Oil Holdings, LP to Vacate Sale Order, as Amended* [Dk No. 520]. Trio moves to strike all testimony and physical evidence for which an objection is made and sustained.

| **TESTIMONY** | **OBJECTIONS** |
|---|---|
| 1. ¶ 3, 2:6-7<br><br>"In 2021, I was told by Stan Eschner, Trio's chairman, that the Project was ready to go and could start injecting steam and producing oil 'tomorrow.'" | 1. Hearsay [Fed. R. Evid. 802]. |
| 2. ¶ 4, 2:8<br><br>"Acquisition of the Property would give Trio majority control of the Project." | 2. Lack of relevance. [Fed. R. Evid. 402] (this does not give any explanation as to how Trio's current rights are enhanced or diminished and seems to be provided just to suggest something nefarious). |
| 3. ¶ 8, 2:20-22<br><br>"Genautica and Prudent bid at the August 10th auction based on the representations of the Brokers that the Project was ready to produce oil, *representations that we later learned were not correct*." | 3. Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and how to bid; declarant is speculating here).<br><br>As to the italicized portion, Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion as to the status of a well without laying any foundation for his opinion).<br><br>As to the italicized portion, Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| **TESTIMONY** | **OBJECTIONS** |
|---|---|
| 4.  ¶ 9, 2:26-3:1-3<br><br>"During those conversations, it was represented that the Project was ready to be produce oil.  The Brokers' statements seemed to confirm what Trio told me in 2021. *I was later told by Kris Pitta ("Pitta") of Prudent Resources that he had had similar conversations prior to the auction.*" | 4.  Hearsay [Fed. R. Evid. 802]  (other than reporting what was said out of court, the statement is also rather vague, equivocal, and subject to interpretation ["seemed"]; the italicized portion is double hearsay). |
| 5.  ¶ 9, 3:3-5<br><br>"*The representation that the Project is ready to produce oil is crucial to the value of the property*, and Pitta and I relied on this representation in formulating our bids at the auction. *However, this representation was discovered to be incorrect.*" | 5.  Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and what it relied upon; declarant is speculating here).<br><br>As to the italicized portions, Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion as to how the well is valued without laying any foundation for his opinion; similarly, in the second italicized section, the declarant is providing an expert opinion as to the status of a well without laying any foundation for his opinion).<br><br>As to the italicized portion, Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |
| 6.  ¶ 11, 3:10-12<br><br>"*Consistent with the Brokers' statements that the property was ready to produce*, the marketing materials were posted on the Brokers' website under the category 'Producing Properties.'" | 6.  Improper Lay Opinion [Fed R. Evid. 701] and Hearsay [Fed. R. Evid. 802] (the italicized portion is argument masquerading as evidence and hearsay). |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA  90017-2427
(323) 852-1000

| **TESTIMONY** | **OBJECTIONS** |
|---|---|
| 7. ¶ 12, 3:17-22<br><br>"The marketing materials imply that the permit that awaited final approval was recently approved as of May 21, 2021 . . . The information in the 2021 Marketing Materials further confirmed *the Brokers' statement that the Project was ready to produce*." | 7. Improper Lay Opinion [Fed R. Evid. 701] (this is argument).<br><br>As to the italicized portion, Hearsay [Fed. R. Evid. 802]. |
| 8. ¶ 13, 3:22-27<br><br>"After the Sale Order was entered, however, I came to learn that the representation that Project was ready to produce oil was incorrect. The Project is not producing or ready to produce oil; rather the Project is presently inoperable, the Project is likely one or more years away from being operable, and the Project will require significant further investment before becoming operable and before required approvals can be obtained. | 8. Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion as to the status of a well without laying any foundation for his opinion).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |
| 9. ¶ 13, 3:27-4:4<br><br>"In fact, Genautica has recently been advised by California Geologic Energy Management ("CalGEM") which is one of several regulatory bodies governing oil and gas in California, that comprehensive updates and reviews are required to reestablish Underground Injection Control ("UIC") related permits and to proceed with several essential components of the Project including steam injection, oil and gas well production and storage, and proposed water disposal." | 9. Hearsay [Fed. R. Evid. 802] (the discussion with CalGEM is an out of court statement and declarant is trying to prove the contents of that statement).<br><br>Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion without laying any foundation for his opinion, and using hearsay statements as the foundation for his opinion).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| TESTIMONY | OBJECTIONS |
|---|---|
| 10. ¶ 14, 4:5-9<br><br>"*I also learned that the materials prepared by the Brokers were inaccurate and misleading.* The representation that the Project was idled "pending final approval of the steam injection permit" is inaccurate. The Project was idled because of an expensive, time-consuming permit updating and approval process involving the critical new water disposal well "WD-2" application." | 10. Lack of Foundation [Fed R. Evid. 601] (no foundation is laid for how the declarant knows this "fact" to be true).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself).<br><br>As to the italicized portion, Improper Lay Opinion [Fed R. Evid. 701] (this argument and a legal conclusion). |
| 11. ¶ 15, 4:10-19<br><br>"With regard to the steam injection permit specifically referenced in the 2021 Marketing Materials, while it is true in that in 2019 Trio obtained a steam injection permit, as indicated in an email dated September 13, 2022 from Pitta to the Trustee, in 2021, CalGEM provided written notice to Trio that the Project would need to undergo Project Approval Letter ('PAL') review. Thus, the injection permit was no longer current. In other words, the representation in the marketing materials that the Project was idled pending final review of the injection permit was incorrect, the steam injection and/or water disposal permit needed to be brought current. A true and correct copy of an email from the Trustee to me, forwarding an email from Pitta to the Trustee and Brokers, dated September 13, 2022 ('Sept. 13 Email') is attached hereto as Exhibit D." | 11. Hearsay [Fed. R. Evid. 802] and Improper Lay Opinion [Fed R. Evid. 701] (this has many levels of hearsay; <u>first</u>, Exhibit D is a statement from Pitta of what he *heard* from CalGEM; <u>second</u>, the statement itself refers to a letter that is not attached; and <u>third</u>, the declarant just repeats the contents of the email and then makes argument from there).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself; that document has not been provided here). |

| **TESTIMONY** | **OBJECTIONS** |
|---|---|
| 12.　¶ 16, 4:20-22<br><br>"Further, while the 2019 letter from CalGEM issuing the permit was provided to Prudent, the 2021 letter saying the Project would need to undergo PAL review was not provided to them until after the auction. Exh. D (Sept. 13 Email)." | 12.　Lack of Foundation [Fed R. Evid. 601] (no foundation is laid for how the declarant knows this "fact" to be true).<br><br>Improper Lay Opinion [Fed R. Evid. 701] (without sufficient foundation, this is speculation).<br><br>Hearsay [Fed. R. Evid. 802] (this is just repeating the contents of an email). |
| 13.　¶ 17, 4:23-27<br><br>"The representations in the marketing materials regarding the Debtor having received necessary aquifer exempt UIC permits are also incorrect. I only recently learned the Project has been "on hold" by CalGEM since 2018 because the existing water disposal well is insufficient for the Project as planned. In order to secure the approvals and permits required to proceed, an updated project approval application must be submitted for approval and permitting to various governmental oversight agencies, none of which has happened nor is it certain to happen." | 13.　Hearsay [Fed. R. Evid. 802] (the discussion with CalGEM is an out of court statement and declarant is trying to prove the contents of that statement).<br><br>Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion without laying any foundation for his opinion, and using hearsay statements as the foundation for his opinion).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| TESTIMONY | OBJECTIONS |
|---|---|
| 14. ¶ 19, 5:13-20<br><br>"During and after the auction, it became apparent that the Brokers were mistaken and confused about whether and to what extent Trio would assert claims against the Debtor's working interest … *As a result, the Trustee and Brokers provided the bidders with materially different terms of the sale, and the bidders bid at auction based on different terms. If for no other reason, the sale should be set aside due to the fact that the only two bidders competing in the auction were given different sets of bid instructions by the Brokers and Trustee; an auction was conducted in which bidders unknowingly were not bidding on the same terms, conditions, and/or assets*." | 14. As to the italicized portions, Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and what it relied upon; declarant is speculating here).<br><br>As to the italicized portion, Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself).<br><br>As to the entirety, Improper Lay Opinion [Fed R. Evid. 701] (declarant is simply arguing here). |
| 15. ¶ 20, 5:21-25<br><br>"The Brokers represented to me numerous times before and after the auction that Trio's claims would be extinguished or otherwise cut off against the buyer by the sale in the bankruptcy case. Later, I learned that Adams had made the same representations to Pitta, and as a result, *at the auction Prudent was bidding for the Property believing the Property would be transferred free and clear of Trio's purported interests*." | 15. Hearsay [Fed. R. Evid. 802].<br><br>Lack of Foundation [Fed R. Evid. 601] (as to what Adams told Pitta).<br><br>As to the italicized portions, Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and what it relied upon; declarant is speculating here). |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| **TESTIMONY** | **OBJECTIONS** |
|---|---|
| 16. ¶ 21, 5:26-6:7<br><br>"On August 17, 2022, after the auction, I received a phone call from Adams in which he said that Pitta was upset that Prudent was being asked to pay the Debtor's prior outstanding liabilities. During the call, I stated that the bankruptcy papers said that liabilities were included in the terms of sale, but the Brokers disagreed. Accordingly, I sent Adams the Sale Motion, Declaration and Exhibit [Dkts, 416, 418, and 419] which had been sent to me by the Trustee. A true and correct copy of my August 17, 2022 email exchange with Adams (without attachments) is attached hereto as Exhibit G. In response, Adams sent me the Notice of Hearing, Dkt. 417, which had been sent to him by the Trustee, and he told me he had not seen the other documents." | 16. Hearsay [Fed. R. Evid. 802]. |
| 17. ¶ 22, 6:8-12<br><br>"Adams told me that he relied on the Notice of Hearing which omitted any reference to the sale being subject to any other claims or interests, and that, as a result, he believed that the sale would extinguish Trio's claim against the Debtor's working interest which would stay with the estate. Adams told me that he provided the Notice of Hearing to Prudent, namely Dkt. 417." | 17. Hearsay [Fed. R. Evid. 802]. |
| 18. ¶ 23, 6:13-15<br><br>"At the auction, relying on the misstatements to Prudent both as to the condition of the property and as to Prudent's potential for liability to Trio, Prudent was enticed to bid up the Property to $101,000, 10 times Trio's stalking horse bid." | 18. Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and what it relied upon; declarant is speculating here). |

| TESTIMONY | OBJECTIONS |
|---|---|
| 19.  ¶ 24, 6:16-22<br><br>"After the auction, Prudent learned that not only was the information about the permitting and status of the Project incorrect, but also that Trio would claim that Prudent would potentially be charged with the Debtor's pre-petition liabilities, despite the representations the bidders received to the contrary . . . *Based on my conversations with Pitta, I believe that had Prudent known of the true facts, it likely would not have participated in the auction, and Genautica's opening bid at $15,000 would have been the highest bid.*" | 19.  Lack of Foundation/Lack of Personal Knowledge [Fed R. Evid. 601] (no foundation is established for declarant's personal knowledge as to how he knows what induced Prudent to bid and what it relied upon; what Prudent knew and when; declarant is speculating here).<br><br>As to the italicized portion, Improper Lay Opinion [Fed R. Evid. 701] (declarant is speculating and his speculation is based on hearsay). |
| 20.  ¶ 25, 6:25-7:2<br><br>"…even though the true facts revealed that the Property was worth substantially less than previously thought." | 20.  Lack of Foundation [Fed R. Evid. 601] and Improper Lay Opinion [Fed R. Evid. 701] (declarant is providing an expert opinion without laying any foundation for his opinion, and using hearsay statements as the foundation for his opinion).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |
| 21.  ¶ 27, 7:6-8<br><br>"Awarding the Property to Trio, for the lowest bid, rather than reopening the auction to fair and transparent competitive bidding, that will guaranty the estate a 50% higher price for the Debtor's property, is not in the interests of justice." | 21.  Improper Lay Opinion [Fed R. Evid. 701] (this is just argument) |

4930080v1 | 101458-0001

9

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAN SCHOLEFIELD

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| TESTIMONY | OBJECTIONS |
|---|---|
| 22.   ¶ 28, 7:9-12<br><br>"The 2021 Marketing Materials contain information, including graphs and charts, that is not readily accessible to any entity other than Trio, as Operator of the Project. The information in the marketing materials must have come from Trio as operator of the Project. Such information is unlikely to have come from any other source." | 22.   Improper Lay Opinion [Fed R. Evid. 701] (speculation) |
| 23.   ¶ 29, 7:13-16<br><br>"Trio, as Operator, is the entity that failed to obtain the necessary permits to let the Project proceed. Trio never informed Genautica, nor was Genautica informed by the Brokers or Trustee, *that CalGEM put the water disposal well application on hold together with the entire PAL, or of any of the other challenges facing the Project*, all of which was concealed by Trio." | 23.   Improper Lay Opinion [Fed R. Evid. 701] (again, argument)<br><br>As to the italicized portion, based on the quotations from the evidentiary objections above, this is based on hearsay, lacks foundation, and is improper lay opinion. The preceding evidentiary objections are incorporated by reference. Lack of Foundation [Fed R. Evid. 601], Improper Lay Opinion [Fed R. Evid. 701], and Hearsay [Fed. R. Evid. 802]. |
| 24.   ¶ 30, 7:17-19<br><br>"Additionally, I was recently informed that Trio instructed CalGEM to put the Project on the backburner and reassign its project review engineer to Trio's unrelated South Salinas prospect." | 24.   Hearsay [Fed. R. Evid. 802] (the discussion that is the basis of the testimony is an out of court statement and declarant is trying to prove the contents of those statements).<br><br>Lack of Foundation [Fed R. Evid. 601] (no foundation is provided for how, when, and from whom the declarant received this "information" from).<br><br>Best Evidence Rule [Fed R. Evid. 403/1002] (if the declarant is basing his opinion on a document, then the best evidence of the fact is the document itself). |

2 DATED: May 31, 2023　　　　　FRANDZEL ROBINS BLOOM & CSATO, L.C.
　　　　　　　　　　　　　　　　　MICHAEL J. GOMEZ
3　　　　　　　　　　　　　　　　　GERRICK M. WARRINGTON

　　　　　　　　　　　　　　　By: /s/ Michael J. Gomez
　　　　　　　　　　　　　　　　　MICHAEL J. GOMEZ
　　　　　　　　　　　　　　　　　Attorneys for Creditor
　　　　　　　　　　　　　　　　　TRIO PETROLEUM, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

4930080v1 | 101458-0001

11

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAN SCHOLEFIELD